HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Methinx Entertainment, LLC *et al.*,

    Plaintiffs,

    v.

Entertainment Magpie Ltd. d/b/a musicMagpie and Zoverstocks,

    Defendant.

Case No.  2:21-cv-01049-RAJ

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for a temporary restraining order, order setting hearing on preliminary injunction, order expediting discovery, and order authorizing Plaintiffs to serve Defendant by alternative means.  Dkt. # 2.  Having considered Plaintiffs' submission, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, the motion is **DENIED**.

## II.  BACKGROUND

Plaintiff Methinx Entertainment LLC ("Methinx") directed and produced the motion picture *The Lost Medallion: Adventures of Billy Stone*, a "story about two teenage friends who uncover a long-lost medallion that transports them back in time."  Dkt. # 2-4

ORDER – 1

¶¶ 2-3; *see also* Dkt. # 1-1.  Methinx engaged Plaintiff American Cinema Inspires Inc. ("ACI") to be the exclusive sales agent for the film in certain territories.  Dkt. # 2-4 ¶ 5.

On August 5, 2021, Methinx and ACI (together, "Plaintiffs") sued Defendant Entertainment Magpie Ltd. ("Magpie") for copyright infringement.  Dkt. # 1.  Plaintiffs allege that Magpie is selling unlicensed copies of *The Lost Medallion* on Amazon.com without their permission.  *Id.* ¶¶ 1, 5-6.  The same day, Plaintiffs moved for a temporary restraining order ("TRO").  Dkt. # 2.  In addition to injunctive relief, Plaintiffs seek an order to show cause hearing, leave to conduct expedited discovery, and authorization to serve Magpie by alternative means.  *Id.*  To date, there is no record that Magpie has been served with the complaint or motion.

### III.  LEGAL STANDARD

Like a preliminary injunction, issuance of a TRO is "an extraordinary remedy never awarded as of right."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  Under Federal Rule of Civil Procedure 65(b), a party seeking a TRO must make a clear showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in its favor, and (4) that a temporary restraining order in is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

Rule 65(b)(1) imposes two additional requirements when a party seeks a TRO without notice to the adverse party.  Fed. R. Civ. P. 65.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

ORDER – 2

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* Further, under the local rules, "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b)(1).

### IV.  DISCUSSION

#### A.  TRO

Plaintiffs seek "to temporarily restrain Defendant's assets and Amazon.com storefronts." Dkt. # 2 at 1. Curiously, they do not seek to enjoin Magpie, a defendant, but instead several third parties. Dkt. # 2-5. They seek to enjoin PayPal, Amazon, and "any related financial institutions" to "freeze all monies associated" with Magpie. *Id.* And they seek an order requiring Amazon to "temporarily disable" Magpie's "Amazon storefronts." *Id.*

Though they do not expressly say so, Plaintiffs appear to be moving *ex parte*. *See* Dkt. # 2. They have not filed a certificate of service as required by the local rules, certifying that they have served Magpie with the motion or pleading. Local Rules W.D. Wash. LCR 65(b)(1). Apparently, they have tried to send the motion and pleading to two email addresses that, they believe, are associated with Magpie. Dkt. # 2-1 ¶ 4.

Plaintiffs fail to meet their burden under Rule 65(b)(1). First, they have not set forth "specific facts" "clearly show[ing]" that they will suffer irreparable injury "*before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65. Surely, Plaintiffs allege that they stand to suffer irreparable harm: deprivation of their exclusive right to control their intellectual property, the "undermin[ing] [of] the legitimate market in which consumers can purchase access to their property, and the threat to Plaintiffs' "relationships and goodwill with authorized licensees." Dkt. # 2 at 7. Yet the evidence supporting these allegations is slim.

Plaintiffs offer conclusory declarations of irreparable harm. One declarant, an

ORDER – 3

officer at ACI, testifies that the company "has received complaints from business partners concerning distribution of pirated ACI content on Amazon." Dkt. # 2-3 ¶ 5. And Plaintiffs' counsel testifies that, based on his "prior experience dealing with foreign defendants engaged in massive piracy," he believes that Magpie "will transfer its funds from its payment providers to a foreign account." Dkt. # 2-2 ¶ 9.

These conclusory declarations are insufficient to show irreparable harm. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006) ("[Plaintiff]'s TRO application and supporting evidence can be described as thin and barebones at best. . . . The only 'evidence' offered to support this assertion was a declaration from [Plaintiff]'s counsel that '[i]n [his] experience, this is a common occurrence . . . .' This conclusory statement from counsel hardly qualified as evidence . . . . Were a single conclusory statement by counsel about infringers sufficient to meet the dictates of Rule 65, then ex parte orders without notice would be the norm and this practice would essentially gut Rule 65's notice requirements.").

Conclusory declarations aside, Plaintiffs offer some evidence that their goodwill and reputation may be harmed. Dkt. # 2-4 ¶¶ 11-12. They have provided negative reviews ostensibly left by four Magpie customers, complaining about the low or damaged quality of Magpie's allegedly infringing goods. *Id.* Plaintiffs suggest that this will reflect poorly on them. *Id.* Though this evidence fares better than the declarations, four isolated customer reviews are still minimal to show irreparable harm to Plaintiffs' reputation. And even if it were sufficient, it would still fail to "clearly show" why that harm would result *before* Magpie could be heard in opposition. Fed. R. Civ. P. 65.

In any event, returning to Rule 65(b)(1)'s second requirement, the Court determines that Plaintiffs' attorney has not even tried to certify in writing "the reasons why [notice to Magpie] should not be required." Fed. R. Civ. P. 65. Thus, the Court **DENIES without prejudice** the motion for a TRO. Dkt. # 2 at 2. Because the Court denies the motion for a TRO, it also **DENIES as moot** Plaintiffs' other requests for

ORDER – 4

expedited discovery and an order to show cause. *Id.*

### B. Alternative Service

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Rule 4(f) allows a foreign business entity to be served in three ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4. "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Rio Properties*, 284 F.3d at 1015 (9th Cir. 2002). Even if Rule 4(f)(3) applies, however, "a method of service of process must also comport with constitutional notions of due process." *Id.* at 1016. That means that the method of service crafted by the court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

ORDER – 5

an opportunity to present their objections." *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Plaintiffs seek court intervention under Rule 4(f)(3). Dkt. # 2 at 11-14. They seek an order authorizing them to serve process on Magpie through email. *Id.* They identified two email addresses associated with Magpie: "domreg@reachinternet.co.uk" and "contactus@musicmagpie.co.uk." Dkt. # 2-1 ¶¶ 2-3. Plaintiffs' counsel obtained the first address from nominet.uk, after requesting identifying information for the domain "musicmagpie.co.uk." *Id.* ¶ 2. Counsel obtained the second address by visiting Magpie's website and locating a "contact email address." *Id.* ¶ 3.

Exercising its discretion, the Court decides that Plaintiffs have failed to show a need for court intervention at this stage. To be sure, Plaintiffs seeking an order under Rule 4(f)(3) need not demonstrate that they first attempted service under Rule 4(f)(1) or (2). *Rio Properties*, 284 F.3d at 1014-15. But it is still within the "sound discretion" of the Court to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* On this record, Plaintiffs have simply failed to demonstrate that the particularities and necessities of this case require Court to craft a different method of service than those set forth in Rule 4(f). For example, they fail to show an "inability to serve an elusive international defendant, striving to evade service of process." *Rio Properties*, 284 F.3d at 1016. Though an elusive international defendant may not be required for Rule 4(f)(3) to apply, there is simply no evidence that this Court should exercise its discretion at this stage.

Even assuming *arguendo* that Rule 4(f)(3) is "facially permitted," the method of service must still comport with due process. On that front, Plaintiffs have also failed to show that serving Magpie at the two email addresses they identified would be "reasonably calculated" to apprise it of this action and afford it an opportunity to object. *Rio Properties*, 284 F.3d at 1016-17 (quoting *Mullane*, 339 U.S. at 314). Plaintiffs argument that due process is satisfied is brief. They simply contend that Magpie "relies

ORDER – 6

on its email addresses 'domreg@reachinternet.co.uk' to register and communicate with its website services." Dkt. # 2 at 13-14. Why that would provide adequate notice is a mystery. On this record, the Court concludes that it would not.

Thus, the Court **DENIES without prejudice** Plaintiffs' motion for alternative service. Dkt. # 2 at 11-14.

## V.   CONCLUSION

For the reasons stated above, to the extent that Plaintiffs' motion seeks a TRO and alternative service under Rule 4(f)(3), the Court **DENIES** it without prejudice. To the extent that Plaintiffs' motion seeks an order to show cause and expedited discovery, the court **DENIES** it as moot.

DATED this 10th day of August, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7